**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DAVID SUBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-CV-257 PS |
| | ) | |
| SHERIFF OF PORTER COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

David Subil, a prisoner currently confined in the Metropolitan Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights by the United States Marshal. The complaint dealt with conditions at the Porter County Jail, where Mr. Subil was then confined as a federal pretrial detainee. The court screened the complaint pursuant to 28 U.S.C. § 1915A, denied Mr. Subil leave to proceed against the United States Marshal, and afforded him the opportunity to file an amended complaint naming the person or persons at the Porter County Jail who he believed were responsible for the policies he believed violated his federally protected rights.

Mr. Subil submitted an amended complaint renaming the United States Marshal, and adding United States Attorney General John Ashcroft and the Porter County Sheriff as defendants. In addition to the matters normally found in a complaint, Mr. Subil's amended complaint contained a section entitled "RESPONSE TO THE COURTS ORDER" in which he presented legal arguments why he should be allowed to sue federal officials for conditions existing at the Porter County Jail. The court construed the response to the court's order as a request to reconsider the dismissal of the U.S. Marshal, denied Mr. Subil's request to reconsider the dismissal of the United States Marshal, denied him leave to proceed on his amended complaint, and afforded him the opportunity to file another amended complaint. This case is now before the court on Mr. Subil's second amended complaint.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir.  2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Subil brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

2

Mr. Subil's second amended complaint names the Sheriff of Porter County and the U.S. Marshals Service as defendants. Because United States Marshals do not act under color of state law, Mr. Subil may not bring a § 1983 claim against them. But he may bring claims that persons acting under color of federal law violated his Constitutional rights in a *Bivins* Action. *See Bivins v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Mr. Subil alleges in paragraphs VI through VIII of his second amended complaint that the Porter County Sheriff violated his right of access to the courts. According to the second amended complaint, the Porter County Jail's law library does not contain adequate materials to allow inmates to prepare petitions challenging conditions of confinement. He asserts that he "suffered injury by the fact that his initial complaint to the court was rejected by the clerk because of improper form and content." (Second Amended Complaint at 3). He subsequently asserts that he "filed two complaints and one motion . . . [which] . . . never reached the court due to procedural deficiencies. Finally, the Clerk of the Court sent me the Proper forms to file a complaint. This was around June or July." (Second Amended Complaint at 11).

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Jail officials need only ensure a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. *Lewis,* 518 U.S. at 351. Jail officials violate the Constitution only if they actually deprive a prisoner of the opportunity to present or prosecute a specific non-frivolous claim. *Lewis,* 518 U.S. at 353.

Actual injury may result from a complaint prepared by a prisoner being "dismissed for failure to satisfy some technical requirement. " *Lewis,* 518 U.S. at 351. Because he was ultimately able to obtain the proper forms and file his complaints, Mr. Subil essentially alleges that the sheriff delayed the prosecution of his cases. But delay and inconvenience alone do not

violate the Constitution. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986). Mr. Subil does

not allege that the subpar law library at the Porter County Jail resulted in his losing the claims

presented in this case, or any other claims, because of the statute of limitations or any other

reason.          As a result, Mr. Subil's access to the court's claim must be dismissed.

In paragraphs IX through XIII of his second amended complaint, Mr. Subil alleges that

he is a practitioner of Judaism, which requires a Kosher diet, observance of the Sabbath, and

certain religious items related to prayer.  He alleges that policies and practices at the jail denied

him a Kosher diet, denied him the opportunity to observe the Sabbath in accordance with his

religion, and did not allow him to possess a Yamulke or Teffilin, thereby violating rights

protected by the First Amendment and 28 U.S.C. § 2000cc, the Religious Land Use and

Institutionalized Persons Act ("RLUIPA").

Under the First Amendment, prisoners "retain the right to practice their religion to the

extent that such practice is compatible with the legitimate penological demands of the state." *Al-*

*Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991).  Courts do not substitute their judgment

for that of prison administrators "in the absence of substantial evidence in the record to indicate

that the officials have exaggerated their response to these conditions." *Pell v. Procunier*, 417

U.S. 817, 827 (1974).  Section 2000cc(a)(1) provides that no government shall impose a

substantial burden on confined persons unless the burden:

        (A) is in furtherance of a compelling governmental interest; and

        (B) is the least restrictive means of furthering that compelling governmental
    interest.

The provisions of this statute apply where "the substantial burden is imposed in a program or

activity that receives Federal financial assistance, even if the burden results from a rule of

general applicability." 28 U.S.C § 2000cc(a)(2)(A).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Mr. Subil the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his First Amendment and RLUIPA claims.

In paragraphs XIV through XVI of his second amended complaint, Mr. Subil alleges that policies and practices at the Porter County Jail resulted in publications and other mail being withheld from him without due process and without notification to either himself or the sender. Correspondence by letter to an inmate is communication covered by the First and Fourteenth Amendments, and a "decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 418, 94 S.Ct. 1800, 1814 (1974). Regulations governing receipt of publications by prisoners are analyzed under the reasonableness standard, and prison regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh v. Abbott*, 490 U.S. 402 (1989). Giving Mr. Subil the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with the claims presented in paragraphs XIV through XVI of his second amended complaint.

In paragraphs XVII through XVIII of his second amended complaint, Mr. Subil alleges that United States Marshals Service violated his federally protected rights because they "have refused to provide the Plaintiff with a Kosher lunch the times that he was transported by them for Court at the Federal Building." (Second Amended Complaint at p. 5). Mr. Subil alleges that he has been transported to court seven times between February 27, 2003 and January 25, 2005. He does not allege how many of these visits required him to be at the Federal Building during the

lunch hour, but even giving Mr. Subil the benefit of all doubts, and applying the most liberal standard — that provided by the RLUIPA — Mr. Subil states no claim upon which relief can be granted. Even if Mr. Subil missed an occasional meal because he refused to eat non-Kosher food while at court, it imposed no substantial burden on his religious exercise.

The RLUIPA protects against only "substantial burden[s] on the religions exercise" of a prisoner. 42 U.S.C. § 2000cc-1. A substantial burden on the free exercise of religion is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constraints conduct or expression that manifests a central tenant of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs. *Charles v. Verhagen,* 220 F.Supp.2d 937, 944-945 (W.D.Wis. 2002) (Applying the test developed by the Seventh Circuit in cases dealing with the Religious Freedom Restoration Act to cases brought pursuant to RLUIPA). A substantial burden must be more than a mere inconvenience. *Graham v. Commissioners,* 822 F.2d 844, 851 (9th Cir. 1987). Lack of a Kosher diet at the jail where he is housed may constitute a substantial burden, *Madison v. Ritter*, 240 F.Supp.2d 566 (W.D.Va 2003), but missing an occasional meal while being transported to and from court is simply an inconvenience and not a substantial burden.

In addition to his federal law claims, Mr. Subil suggests that conditions at the Porter County Jail violated various provisions of the Indiana Code.  The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. at 140.  Mr. Subil's suggestion that the Porter County Sheriff violated Indiana law states no claim upon which relief can be granted under § 1983.

Mr. Subil seeks damages and injunctive relief governing the operation of the Porter County Jail.  But if a prisoner is transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can

6

demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), *quoting Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Mr. Subil's transfer from the Porter County Jail to the Metropolitan Correctional Center renders any claims for injunctive relief against the Porter County Jail moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991); *Higgason v. Farley*, 83 F.3d at 811.  Mr. Subil also seeks injunctive relief against the Marshals Service, but the court has dismissed the claim dealing with failure to provide Kosher meals during visits to the Federal Building, which is the only claim implicating the Marshals Service.

To summarize: for the foregoing reasons, the court:

(1) **DISMISSES**, pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1), the claims presented in paragraphs VI through VIII and paragraphs XVII through XVIII of the plaintiff's second amended complaint, **DISMISSES** any claims arising under Indiana Code 11-11-3-6 and  Indiana Code 11-11-4-1, **DISMISSES** the plaintiff's requests for injunctive relief, and **DISMISSES** the U.S. Marshals Service;

(2) **GRANTS** the plaintiff leave to proceed against the Sheriff of Porter County in his individual capacity for damages on the claims presented in paragraphs VI through VIII and paragraphs XVII through XVIII of his second amended complaint**;**

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** the defendant to respond to the second amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the Sheriff of Porter County, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and the second amended complaint.

**SO ORDERED.**

ENTERED: April 29, 2005

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT