UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID SUBIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:04-CV-0257 PS |
| | ) | |
| UNITED STATES MARSHAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff David Subil asks the court for leave to amend his complaint by interlineation. Mr. Subil states that "(b)ecause the 'inmate guide' given to plaintiff fails to provide an adequate grievance procedure, plaintiff asks the honorable court to add the count of <u>'failure to provide an adequate grievance procedure</u>' to the above captioned case."

A court must screen amended complaints submitted by prisoners pursuant to 28 U.S.C. § 1915A. *Zimmerman v. Hoard*, 5 F. Supp. 2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint.

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>         In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

The Constitution does not require that a prison or jail provide a grievance procedure, *Jones v. Brown*, 300 F.Supp.2nd 674, 679 (N.D. Ind. 2003). Alleged violations of jail grievance procedures state no claim under § 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988). Accordingly, that Porter County Jail officials may not have provided inmates with an adequate grievance procedure states no claim upon which relief can be granted, though if a jail does not provide an adequate grievance procedure, they may not rely on 42 U.S.C. § 1997e(a), —which requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement —to obtain the dismissal of this complaint. *Wilson v. VanNatta*, 291 F. Supp. 2d 811, 820 (N.D. Ind. 2003).

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to amend his complaint (DE 63).

**SO ORDERED**.

ENTERED: August 24, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT