UNITED STATES DISTRICT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID SUBIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:04-CV-0257 PS |
| | ) |
| UNITED STATES MARSHAL. *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

David Subil is a prisoner confined at a federal penal facility in Florida. This case deals with events that occurred while he was being held at the Porter County Jail as a federal pretrial detainee. Subil originally sued the U.S. Marshal, but in his second amended complaint, he added the Sheriff of Porter County as a defendant.  One wrinkle in this case is that by the time he filed his second amended complaint, Subil was no longer being held at Porter County.  After screening the second amended complaint pursuant to 28 U.S.C. § 1915A, I allowed Subil to proceed against the Sheriff of Porter County for damages on his claim based on the First Amendment's free exercise clause and 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and on his First and Fourteenth Amendment claim that the jail withheld publications and other mail from him without due process. (I dismissed other claims and parties).  [*See* DE 27.]

The defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) directed at the question of whether Subil exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), and subsequently filed a motion for summary judgment on the merits. The Court advised the parties that because the defendant's motion to dismiss addressing exhaustion went beyond the pleadings, the Court would treat it as a motion for summary judgment. The Court

afforded Subil further time within which to respond to the motion for summary judgment, and Subil filed a comprehensive response.

Pursuant to § 1997e(a), "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). "The court must not proceed to render a substantive decision until it has first considered § 1997e(a). The statute gives prisons and their officials a valuable entitlement — the right *not* to face a decision on the merits — which courts must respect if a defendant chooses to invoke it." *Id.* at 536. (emphasis in original). Accordingly, the Court will consider the defendant's motion relating to the issue of exhaustion before dealing with the defendant's motion for summary judgment addressing the merits.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731, 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 537. Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 5322 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is required prior to filing suit in federal court, and the failure to exhaust requires dismissal of the complaint, albeit without prejudice. *Massey v.*

2

*Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 534-35.

In support of his summary judgment motion, the sheriff submits the affidavit of Jail Warden John Widup, a copy of the jail's grievance policy, and copies of grievances Subil filed while he was at the jail. These submissions establish that the jail had a grievance policy in effect while Subil was housed there and that the issues that survived screening were grievable. Warden Widup asserts in his affidavit that Subil did not exhaust his administrative remedies because he did not appeal the denial of any of the grievances he filed.  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Subil submits his own affidavit – which he embeds in his brief in opposition to the defendant's motion for summary judgment – and numerous documents, including copies of grievances he filed.[1]   Subil concedes in his response that the jail had a grievance procedure.  He then presents three alternative arguments dealing with exhaustion. First, he argues that he did not need to exhaust his Porter County Jail administrative remedies at all because he was no longer at the jail when he filed his second amended complaint. Next, he argues that if he did have to exhaust his grievance remedies at the jail, he was not required to appeal the denial of a grievance in order to exhaust his administrative remedies. Finally, he argues that, in any event, he did exhaust his Porter County Jail administrative remedies.

---

[1] The plaintiff titles this document as an affidavit, but because it is not sworn under penalty of perjury, it is inadmissible as evidence, and cannot be used to create disputed issues of fact.

3

As to the first argument, Subil asserts that the exhaustion requirement does not apply to this case.  In particular, he asserts that "he did not need to exhaust his administrative remedies (although he did) because Plaintiff was not incarcerated at the jail at the time he filed suit against the Defendant and therefore no administrative remedies were available." (DE 102 at p. 5).  He relies on *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005) to suggest that he is exempt from § 1997e(a)'s exhaustion requirement.  In *Barnes*, a state prisoner brought suit against the Center for Disease Control pursuant to the Federal Tort Claims Act. *Id*. at 675.  Later, his appointed counsel determined that he might also bring a § 1983 action against state prison officials based on the same facts, and thus Barnes filed a prison grievance on his claims. *Id*.  He subsequently filed a § 1983 action against prison officials, which the district court dismissed for failure to exhaust administrative remedies. *Id*. at 676.  The Court of Appeals reversed and concluded that Barnes had complied with the purpose and letter of the Prison Litigation Reform Act ("PLRA"). *Id*. at 678

Subil asserts that "in *Barnes* the Plaintiff faced almost the identical situation as the instant case." (DE 102 at 11). This case is similar to *Barnes* in that Barnes and Subil both sued federal defendants before finally seeking to sue their actual custodians. But *Barnes* does not support the plaintiff's contention that he should be excused from § 1997e(a)'s exhaustion requirement. In *Barnes*, the Seventh Circuit held that "when Mr. Barnes initially sued the CDC, he alleged no cause of action against the state defendants and therefore had no reason to exhaust administrative remedies with respect the them." *Barnes v. Briley*, 420 F.3d at 678. Subil seems to believe that because he initially sued the U.S. Marshal, rather than jail officials, that he did not have to exhaust his administrative remedies as to his claims against the sheriff.

4

But the Seventh Circuit did not hold that Barnes did not need to exhaust his administrative remedies. Rather, the Seventh Circuit held that Barnes in fact *did* exhaust his administrative remedies before he filed suit against state prison officials.  The Seventh Circuit noted that he "initiated the prison grievance process, as required by the PLRA. Once he had exhausted these remedies, Mr. Barnes dismissed his FTCA claims and . . . substituted his § 1983 claims against the Stateville defendants." *Id* at 678, footnote omitted.  The Seventh Circuit concluded that Barnes had exhausted his grievance remedies and therefore should be allowed to proceed against the prison officials.

Here, Subil argues that by the time he got around to suing the Sheriff he was no longer at the jail and had no current available administrative remedy.  But Subil had an administrative remedy the entire time he was at the jail.  Indeed, the parties agree that he filed several grievances while he was there – though they differ on whether he completed his administrative remedies.  Thus, Subil had the opportunity to grieve the conditions he now complains of while he was at the jail. Subil can't avoid the exhaustion requirement by waiting to be released from the facility and then bringing suit.  This is because exhaustion of administrative remedies is a "precondition" to suit.  *Perez*, 182 F.3d at 535.  Resort to the administrative process is a valuable tool bestowed on jailers by Congress, and if it's invoked by the defendants it must be followed.  Subil hints that exhaustion would be futile in this case, but we know from *Perez* that any such argument is a nonstarter.  *Id*. at 536-37.

So Subil had to exhaust his remedies and the issue is whether he did.  More precisely, the issue is whether there is a genuine issue of material fact in that regard.  The sheriff contends that although Subil did file a grievance, he never appealed the denial of the grievance.  The sheriff

5

submitted a copy of the jail's grievance policy along with his motion for summary judgment. Section V of this policy provides for appeals of grievances and sets forth the levels of appeal, the basis on which a prisoner may appeal, and the time limits for filing an appeal. The Sheriff asserts that a prisoner must appeal the denial of a grievance in order to exhaust his administrative remedies.

In his response, Subil submits a copy of the policy governing grievances and a copy of the Inmate Guide, which he states jail officials issued to inmates. He argues that the Inmate Guide, rather than the grievance procedure, should be used to determine what inmates needed to do to exhaust their administrative remedies. The Inmate Guide is a four page summary of the rules of the jail, services available at the jail, what inmates may expect from jail officials, and what jail officials expect of inmates. The Inmate Guide advises prisoners that there is an inmate grievance procedure at the jail and gives them a brief overview of the process. The guide devotes twenty-nine lines to the grievance procedure. By contrast, the actual Porter County Jail grievance policy is nine pages long and covers all aspects of the grievance procedure, including how to initiate a grievance, what can be grieved, and how the grievances are to be processed. The policy clearly provides for an appeal process, and advises inmates to whom appeals should be addressed.

Subil's submissions do not create a disputed issue of material fact on whether the Inmate Guide or the grievance policy governs inmate grievances, or whether an inmate needed to appeal the denial of a grievance in order to complete his administrative remedies. The Inmate Guide is a short handbook advising prisoners of many jail policies and aspects of jail life. It contains only a brief reference to grievances. The grievance policy, on the other hand, is a detailed document covering all aspects of grievance procedures at the jail. No rational factfinder could conclude that

the brief explanation in the handbook, rather than the detailed grievance procedure, governed grievances filed at the Porter County Jail. Accordingly, to have exhausted his administrative remedies Subil must have appealed the denial of his grievances.

The Court's screening order allowed Subil to proceed on two claims from his second amended complaint – his claim that he was denied a Kosher diet and other things necessary to practice his religion, and his claim that the jail withheld publications and mail from him.[2]   The Sheriff produced evidence in the form of an affidavit from the Warden that Subil never appealed the denial of his grievances.  Because the defendant met his initial obligation under Fed. R. Civ. P. 56, the burden shifts to Subil to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he exhausted his administrative remedies.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  On the second claim – the First Amendment claim dealing with the withholding of mail – Subil quite simply presented no evidence that he appealed the denial of his grievance on this issue.  Thus, he has failed to meet his burden, and the claim must be dismissed without prejudice.

But Subil's religion based claims are a horse of different color. In section X of his complaint, Subil states that "The practice of the Jewish religion requires a diet of Kosher food, the observance of the Sabbath, and prayer requiring certain religions items." In Section IX, he asserts that "[w]hile at the Porter County Jail the jails rules and regulations prohibited Plaintiff from observing any of the above mentioned religious practices." The parties agree that Subil submitted grievances dealing with denial of religious exercise but the defendant asserts that he did not

---

[2] The defendant also addresses the claim that the jail violated Subil's rights to access to the courts, but the Court's screening order denied Subil leave to proceed on this claim. (DE 27 at p. 4).

7

exhaust his administrative remedies by appealing any of these grievances.  The Porter County Jail grievance procedure states that:

> 1. There are two appeal levels in the Jail grievance process, except for health care grievances, which shall be directed to the Health Care Services Director for review.
>
>    a) Level 1 - Shift Supervisor
>    b) Level 2 - Jail Command Officer

Porter County Jail Grievance Procedure (DE 63-3 at p. 7).

Subil submitted a bevy of documents in response to the Sheriff's Motion for Summary Judgment. Only a few bear on whether Subil exhausted his religion claims.  Exhibit M is a Porter County Jail grievance form, dated March 29, 2004, addressed to Warden Widup, and refers to an attachment. The attachment is a handwritten document entitled "formal grievance to Warden Widup," and states that the federal inmates are entitled to several services, including a diet consistent with the dietary practice of his religion, the right to observe holy days of his religion, and to receive religious materials.

Exhibit N is a grievance filed by Subil stating that he received a response to his previous grievance (exhibit M) and would like to have a copy of the handwritten pages that accompanied the earlier grievance. Jail officials denied this grievance because the document that Subil sought a copy of "was forwarded to other authorities." (DE 110-13).  Exhibit O is a memorandum dated April 23, 2004, from Deputy United States Marshal Michael Shelley to Jail Sergeant Bud Gootee. This document is a response to the handwritten document (exhibit M), that jail officials had forwarded to the "other authorities." The Marshal's response addresses each of the concerns raised in Subil's "formal grievance" to Warden Widup.

8

Exhibits M and O, which deal with the formal grievance addressed to Warden Widup, presented several issues, including Subil's complaint about not being given a kosher diet, the right to observe Judaism's religious days, and to be provided with religious materials. Subil labeled Exhibit M as a "formal grievance." Jail officials did not return this document to Subil as not being a proper grievance. In fact Warden Widup forwarded it to the United States Marshals office for a response, and then responded to Subil. This grievance was not filed in the normal channels – but it was directed to Warden Widup, the jail commander, who was the final reviewing authority for grievances. Warden Widup apparently accepted it as a grievance, had it investigated, and responded to it.

These facts create a disputed issue of material fact as to whether Subil sufficiently exhausted his administrative remedies on his exercise of religion claims. A reasonable factfinder could conclude that because jail officials accepted, processed, and responded to this grievance, Subil complied with the purpose and letter of the PLRA's exhaustion requirement.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the defendant's motion for summary judgment directed at the question of exhaustion [DE 60] in part and **DENIES** it in part. The Court:

    1. **DENIES** summary judgment on the exercise of religion claim, and that claim remains before the Court; the merits of this will be addressed in a separate order; and

2. **GRANTS** the motion for summary judgment on the plaintiff's claim that jail officials withheld publications and other mail from him, and **DISMISSES** that claim without prejudice pursuant to 42U.S.C. § 1997e(a).

**SO ORDERED**.

ENTERED: March 24, 2008

 /s Philip P. Simon
Philip P. Simon, Judge
United States District Court