# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID SUBIL, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 2:04-CV-0257 PS |
| UNITED STATES MARSHAL, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff David Subil is a prisoner currently confined in Florida. This case relates to events that took place while Subil was being held at the Porter County, Indiana Jail. The only remaining defendant is the Sheriff of Porter County. This matter is before the court on the plaintiff's motion to strike his deposition from the record, the defendant's response to the motion to strike, and the defendant's motion for an order *nunc pro tunc* granting him leave to depose the plaintiff.

Subil has been a prisoner throughout the pendency of this case. Pursuant to Fed. R. Civ. P. 30(a)(2), a party is to obtain leave of court in order to depose a "deponent [who] is confined in prison." The defendant filed a notice that he was going to depose Subil, but he did not request leave of court to conduct the deposition. The plaintiff did not file an objection to the deposition. The sheriff's attorney conducted a telephonic deposition of the plaintiff who was then confined at the Orange County Corrections Department in Orlando, Florida. The plaintiff did not object to the deposition at that time either.

The defendant submitted portions of the deposition in support of his motion for summary judgment. Three months after the deposition had been taken, and after the time for conducting discovery had expired, Subil filed a motion to strike the deposition from the record because the defendant did not obtain leave of court to conduct the discovery pursuant to Rule 30(a)(2).

There is no "per se rule of suppression when a technical violation of Rule 30(a) occurs." *Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981). In *Kendrick,* the court of appeals concluded that district court did not abuse its discretion in declining to suppress evidence obtained in a deposition of a prisoner taken without leave of court because the prisoner was a party to the case and there was no showing of any injury because of the failure to obtain leave of court to take the deposition. *Id*.

Subil did not object to when the sheriff noticed his deposition without seeking leave of court to conduct the deposition. Nor did he object to being deposed without benefit of a court order pursuant to Rule 30(a) on the day of the deposition. Moreover, Subil's custodian at the time of the deposition apparently did not raise the question of whether the defendant had obtained leave of court before deposing Subil. No one raised any question of the validity of the plaintiff's deposition until after discovery had closed..

If, before he was deposed, Mr. Subil had filed a written objection to being deposed without leave of court, this court would have upheld the objection and required the defendant to request leave of court pursuant to Fed. R. Civ. P. 30(a). If Subil had objected at the deposition itself, or his custodian had objected to providing Subil for a deposition without court order, this court would have upheld the objection and required the defendant to request leave of court before deposing Subil. But now the deposition has been taken, without objection, and Subil does not assert in his motion that he has suffered any actual injury from having been deposed without the benefit of Rule 30(a). To strike the deposition at this point in the proceedings would probably require the reopening of discovery, delay the resolution of the case, and incur additional time and expense by the parties to replicate an already existing deposition.

For the foregoing reasons, the court declines to exercise its discretion to suppress the plaintiff's deposition, and **DENIES** the plaintiff's motion to strike (DE #84). Because it has

denied the plaintiff's motion to strike, the court DENIES the defendant's motion for an order

*nunc pro tunc* granting him leave to depose the plaintiff (DE #89) as moot..

    **SO ORDERED**.

    ENTERED: September 19, 2008

                                                  /s Philip P. Simon
                                                  Philip P. Simon, Judge
                                                  United States District Court